UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| Brian Kelly | Lara Cardin de Leon | |

**Proceedings:**   **DEFENDANT'S PETITION FOR AN ORDER TO COMPEL ARBITRATION AND TO STAY COURT PROCEEDINGS AGAINST DEFENDANT** (Docket #13, filed March 22, 2013)

## I.   INTRODUCTION

On September 27, 2012, plaintiff Debra Goff filed the instant action in the Los Angeles County Superior Court against defendant G2 Secure Staff, LLC ("G2 Secure Staff"). Plaintiff alleges six claims for relief under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, et seq.: (1) employment discrimination, (2) failure to reasonably accommodate physical disability, (3) failure to engage in a timely, good faith, interactive process with employee with a physical disability, (4) wrongful termination due to disability, (5) retaliation, and (6) wrongful termination due to age. Plaintiff also raises a seventh claim for relief for wrongful termination in violation of public policy.

Defendant removed the action to this Court on November 21, 2012, and on March 22, 2013, defendant filed a petition for an order to compel arbitration and stay the proceedings. Plaintiff filed an opposition on April 1, 2013, and Defendant filed a reply on April 8, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff was an employee for defendant from 2007 – 2012. As a condition of employment, defendant presented a Pre-Dispute Resolution Agreement (the " Arbitration Agreement") for plaintiff to sign. The Arbitration Agreement provides that disputes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

between plaintiff and defendant arising from plaintiff's employment "shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act." Defendant routinely presents the Arbitration Agreement to prospective employees at the time of hire. After receipt of the Arbitration Agreement, employees are given the opportunity to read and ask questions about it. Gostic Decl., ¶ 5. Plaintiff signed the Agreement on August 13, 2007.

During her employment, plaintiff suffered from multiple disabilities including cephalagia, hypertension, and severe urticaria, which required plaintiff to obtain medical leave in July 2011. Compl. ¶¶ 2, 8. On February 8, 2012, while plaintiff was still on disability leave, plaintiff was terminated from her job. Id. ¶ 9. She was 53. Id. ¶ 2. The gravamen of plaintiff's complaint is that defendant wrongfully terminated her from her job due to her disability and her age.

## III.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mecury Constr. Corp., 460 U.S. 1, 24 (1983)).

The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000). When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. ----, 131 S. Ct. 1740, 1746 (2011).

## IV.    DISCUSSION

Defendant petitions this Court to issue an order to compel arbitration by arguing that (1) plaintiff signed a valid arbitration agreement that governs the raised claims, (2) the agreement was enforceable because it allows plaintiff to pursue all of her statutory rights through the arbitration process, and (3) the agreement was not unconscionable. Plaintiff disputes all three of defendants' arguments. Plaintiff contends that defendant has not presented admissible evidence establishing that the parties reached an agreement to arbitrate because defendant was not a party to the Arbitration Agreement. Plaintiff also argues that to the extent the Agreement constituted an arbitration agreement, the Agreement is not enforceable, and it should further be revoked on the grounds of unconscionability. The Court considers the arguments in turn.

### A.    Existence of an Arbitration Agreement

Plaintiff first argues that she and defendant never agreed to arbitrate their disputes because no one signed the Arbitration Agreement on behalf of defendant. Plaintiff admits that she signed the Arbitration Agreement, but contends that without a signature on defendant's behalf, the terms of the agreement are not binding.

Under the FAA, arbitration clauses must be in writing, but they need not be signed. 9 U.S.C. § 2; Perez v. Lemarroy, 592 F. Supp. 2d 924, 930 (S.D. Tex. 2008). Consequently, since general state law of contract formation controls the question of whether an arbitration agreement exists, the Arbitration Agreement is binding as long as it complies with California law rules governing the creation of written agreements. Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1170 (9th Cir. 2003).

Under California law, a contract is "an agreement to do or not to do a certain thing," and a contract can only exist if the parties are capable of contracting, they manifest objective consent, the contract has a lawful object, and there is sufficient consideration. Cal. Civ. Code §§ 1549 – 1550; Cedars Sinai Medical Center v. Mid-West Nat. Life Ins. Co., 118 F. Supp. 2d 1002, 1008 (C.D. Cal. 2000). There is no general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

requirement that a contract be written. Cal. Civ. Code § 1622. Moreover, where a contract is written, there is no general requirement that it be signed. 14 California Jurisprudence 3d Contracts § 148 (In General) (Updated 2013); Performance Plastering v. Richmond American Homes of California, Inc., 153 Cal. App. 4th 659, 668 (2007) ("[T]he lack of a party's signature does not make a fully executed contract unenforceable."). Instead, California law only requires a signature where "it is shown, either by parol or express condition, that the contract was not intended to be complete until all parties had signed." Angell v. Rowlands, 85 Cal. App. 3d 536, 542 (1978); see also Goodworth Holdings Inc. v. Suh, 239 F. Supp. 2d 947, 958 (N.D. Cal. 2002).

Applying these principles, plaintiff cannot dispute that the parties agreed to arbitrate their disputes pursuant to the Arbitration Agreement. Even though defendant did not sign the agreement, it is clear from the face of the agreement that both parties' signatures are not required because there is only a line for plaintiff's signature. Moreover, the Arbitration Agreement was printed on defendant's letterhead and presented to employment as a condition of her employment, which evinces defendant's objective intent to adopt the terms. Consequently, all of the California law requirements for a valid written contract are satisfied.

Plaintiff resists this conclusion on the grounds that California law categorically requires arbitration contracts to be signed by all parties, and in support of this argument cites Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co., 129 Cal. App. 4th 759, 763 (2005). Westra concerned California Civil Code § 1298, which sets out special rules only applicable in the context of real estate contracts. It is therefore inapposite. See Westra, 129 Cal. App. 4th at 763 – 764. Moreover, even if California did contain a special rule requiring arbitration agreements to be signed, that rule would presumably be preempted by the FAA. California law can only invalidate an agreement to arbitrate "upon such grounds as exist at law or in equity for the revocation of any contract," which means that any special signature rules for arbitration agreements would be preempted. 9 U.S.C. § 2; AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1746 (2011) ("[The FAA] permits agreements to arbitrate to be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability," but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue."); Hedges v. Carrigan, 117 Cal. App. 4th 578, 584 – 585 (font size, notification, and warning requirements only applicable to arbitration contracts preempted by the FAA). Therefore, the Court rejects plaintiff's argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

**B.     Whether Plaintiff's Statutory Claims can be Submitted to Arbitration**

Plaintiff next argues that she cannot be forced to submit her claims to arbitration because the Arbitration Agreement does not contain sufficient procedural protections guaranteeing that she will be able to effectively pursue her statutory rights in arbitration. Several decisions have recognized that a party cannot be forced to arbitrate claims if the arbitral forum does not allow the employee to effectively vindicate her statutory rights. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985); Cole v. Burns Intern. Sec. Services, 105 F.3d 1465, 1482 (D.C. Cir. 1997) ("At a minimum, statutory rights include both a substantive protection and access to a neutral forum in which to enforce those protections."). In Cole, the District of Columbia Circuit set out five factors for courts to consider when determining whether an arbitration agreement provides a plaintiff with an adequate forum in which to pursue her statutory rights. These factors are whether an arbitration agreement: "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." Cole, 105 F.3d at 1482; see also Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83, 102 (2000).[1]

---

[1] The Court notes that all of plaintiff's statutory claims are state law claims, and there is some uncertainty about whether the "vindication of statutory rights" doctrine is limited to federal claims. See Kaltwasser v. AT&T Mobility LLC, 812 F. Supp. 2d 1042, 1048 (N.D. Cal. 2011) (discussing circuit split regarding whether the vindication of rights principles apply to both state and federal statutory rights or exclusively federal statutory rights); Kilgore v. KeyBank, Nat. Ass'n, 673 F.3d 947, 962 (9th Cir. 2012) ("We read the Supreme Court's decisions on FAA preemption to mean that, other than the savings clause, the only way a particular statutory claim can be held inarbitrable is if Congress intended to keep that federal claim out of arbitration proceedings."). The Court need not decide this issue, however, because there is no reason to believe that arbitration would be an inadequate forum for plaintiff's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

A cursory review of the Arbitration Agreement reveals that the latter four Cole factors are explicitly addressed and satisfied by its terms. The only factor plaintiff disputes is whether the Arbitration Agreement truly provides for a neutral arbitrator. Plaintiff contends that this factor is not satisfied because the Arbitration Agreement does not provide any method for determining how the presiding arbitrator is to be selected. Since the Arbitration Agreement does not contain carefully crated procedural protections ensuring that a neutral arbitrator will be selected, plaintiff concludes that she cannot be compelled to pursue her statutory claims in arbitration.

The Court rejects this argument. First, the Arbitration Agreement in fact does contain provisions that safeguard plaintiff's right to a neutral arbitrator. The Arbitration Agreement provides that "you and the Company will select an arbitrator" to preside over any dispute. Pre-Dispute Resolution Agreement, Opp. at Ex. 1. This provision contemplates that selecting an arbitrator is a bilateral process where both the employee and the employer have control over which arbitrator selected. An employee cannot be forced to go before a biased arbitrator chosen unilaterally by his or her employer.[2] In the absence of any fraudulent or oppressive tactics by an employer, allowing both parties to an arbitration agreement to control which arbitrator presides over a dispute is sufficient to ensure the availability of a neutral arbitral forum.[3]

Additionally, to the extent plaintiff's argument seeks to require arbitration agreements to contain detailed provisions controlling the appointment of an arbitrator, it runs contrary to the FAA. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." AT&T Mobility, 131 S. Ct. at 1748. Any rule requiring meticulous provisions for selecting a neutral arbitrator would "sacrifice[] the principal

---

[2] In fact, prior to refusing to arbitrate, plaintiff negotiated with defendant about arbitrating this dispute, and pursuant to those negotiations, plaintiff refused several candidates suggested by defendant.

[3] If the parties cannot come to an agreement concerning the identity of their arbitrator, the proper procedure is to petition the Court to appoint a neutral arbitrator. 9 U.S.C. § 5; 3 Thomas H. Oehmke Commercial Arbitration § 71.2 (Judicial appointment – FAA judicial procedure).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

advantage of arbitration – its informality – and make[] the process slower, more costly, and more likely to generate procedural morass than final judgment." Id. at 1751 (explaining why "class arbitration, to the extent it is manufactured by [state law rules] rather than consensual, is inconsistent with the FAA."). The Court therefore declines to create any such new rule.

Consequently, because the Arbitration Agreement allows plaintiff to control which arbitrator will preside over her dispute, the Court rejects her argument that the agreement fails to ensure the neutrality of the presiding arbitrator. The Court therefore concludes that plaintiff's statutory claims can be submitted to arbitration.

  **C. Unconscionability**

Finally, plaintiff argues that the Arbitration Agreement should not be enforced because it is unconscionable. The doctrine of unconscionability allows courts to refuse to enforce unduly harsh, oppressive, or one sided terms in a contract. Cal. Civ. Code § 1670.5; Armendariz, 24 Cal. 4th at 114. Unconscionability is a generally applicable state law basis for refusing to enforce a contract, which means that it is generally acceptable under the FAA to refuse to enforce an arbitration agreement that is unconscionable under state law. 9 U.S.C. § 2; Armendariz, 24 Cal. 4th at 111. If a state common law rule applies the doctrine of unconscionability in a manner that disfavors or discriminates against arbitration agreements, however, that rule is preempted. See AT&T Mobility, 131 S. Ct. at 1746 – 1748.

The Court therefore applies California's generally applicable unconscionability rules, but not rules that specifically disfavor arbitration. Under California law, the doctrine of unconscionability has two elements, procedural unconscionability and substantive unconscionability. A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 486 (1982). Procedural unconscionability exists where a contract is "oppressive" due to one parties' inability to negotiate a contract due to lack of bargaining power, or "surprising" due to the fact its terms are "hidden in prolix printed form drafted by the party seeking to enforce the disputed terms." Id.  Substantive unconscionability, by contrast, does not consider the manner in which a contract is formed, but instead focuses on the terms of the contract itself. "Substantively unconscionable terms may take various forms, but may generally be described as unfairly one sided." Little v. Auto Stiegler, 29 Cal. 4th 1064, 1071 (2003). A court may only invalidate a contract term if it is both

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

procedurally and substantively unconscionable, but the elements do not need to be present in the same degree. Armendariz, 24 Cal. 4th at 114. Instead, courts apply a "sliding scale" under which "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." Id.

The Court first considers whether the Arbitration Agreement is substantively unconscionable. California decisions have found that arbitration terms that excessively favor one party to the agreement over the other are substantively unconscionable. Armendariz, 24 Cal. 4th at 83 (finding that arbitration agreements must contain a "modicum of bilaterality."). Courts have found this form of unconscionability to exist where one party's claims but not the other's are subject to arbitration. Little v. Auto Stiegler, 29 Cal. 4th 1064, 1072 (2003). Similarly, terms in employment arbitration agreements that structure appeals or other post-arbitration proceedings to unduly favor the employer are unconscionable. Id. (provision requiring appeal only where an award exceeds $50,000 unfairly favored the employer and was therefore unconscionable). There is no requirement that arbitration agreements be wholly symmetrical, but the asymmetry must exist to satisfy a legitimate commercial need, not merely to satisfy "the employer's desire to maximize its advantage in the arbitration process." Id. at 1073.

Plaintiff points to several terms of the Arbitration Agreement that purportedly show that it is unduly one-sided. None, however, meet the standard for substantive unconscionability under California law. First, plaintiff points to a one-sided attorney's fee shifting term in the Arbitration Agreement, which provides:

> If you refuse to arbitrate a matter covered by the agreement, and if a court orders the matter to binding arbitration, you agree to pay the Company's legal costs, including attorney's fees, incurred in enforcing the agreement.

Plaintiff concludes that because the contract only allows the employer to recover fees for enforcing the agreement, but does not allow plaintiff to recover fees defending a motion to compel arbitration, it unfairly favors defendant. This argument overlooks California Civil Code § 1717, which converts one way fee shifting terms in contracts into terms that grant fees to either prevailing party. Cal. Civ. Code § 1717(a) ("In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL** JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."). Consequently, no one-sided fee shifting exists under the Arbitration Agreement, so plaintiff's argument fails.

     Second, plaintiff points to several terms that purport to show that the Arbitration Agreement only applies to plaintiff's claims against defendant, but not vice versa. Among other terms, plaintiff points to language in a separate non-disclosure agreement signed by plaintiff which provides that defendant "has the right to enforce this Agreement by injunction, specific performance or other equitable relief." Opp. Ex. 4 ¶ 12. Plaintiff mischaracterizes both the Arbitration Agreement and the non-disclosure agreement. The Arbitration Agreement clearly applies to both plaintiff and defendant, which is apparent from the following text:

> As part consideration for your employment, you and the Company agree that in the event a dispute arises between you and the Company . . . regarding your employment such disputes shall be submitted to and determined exclusively by binding arbitration . . .

Moreover, the language plaintiff points to in the non-disclosure agreement does not mention a lawsuit in a court, but only specifies certain kinds of relief available to defendant. Defendant therefore has not reserved the right to sue in court or improperly opted out of the agreement.

     Third, and finally, plaintiff argues that the Arbitration Agreement is one-sided because plaintiff's employment agreement grants defendant authority to modify the terms and conditions of her employment at its sole discretion. Opp. Ex. 2 ("I understand and agree that G2 retains the solo right to modify my compensation and benefits, position, duties, and other terms and conditions of employment . . ."). Plaintiff concludes that defendant could invoke this term at any point to arbitrarily alter the Arbitration Agreement to either opt out of arbitration or insert other favorable terms. This argument appears to misconstrue the employment agreement, which does not give defendant unilateral authority to opt out of any agreement with plaintiff, but instead is more reasonably interpreted to allow defendant to prospectively alter the terms and conditions of employment for an at-will employee such as plaintiff. Accordingly, defendant may have the right to prospectively alter the terms of the Arbitration Agreement, but does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

have the authority to retroactively opt out of an arbitration already initiated or change the rules in the middle of a proceeding.  It is unclear why this arrangement is unconscionable or one sided in the context of an at-will employment relationship.

Moreover, regardless of how broadly the employment agreement should be interpreted, it is unclear how plaintiff's argument could show that the Arbitration Agreement is unconscionable.  After all, if it is unduly harsh and one sided to allow defendant to unilaterally alter the terms and conditions of employment, then it is the employment agreement that is wholly or partially unconscionable, not the Arbitration Agreement.  See Ingle, 328 F.3d at 1179 n. 23.  The employment agreement terms granting defendant authority to alter the terms and conditions of plaintiff's employment therefore do not render the Arbitration Agreement unconscionable.

Accordingly, the Arbitration Agreement is not substantively unconscionable, and because both substantive and procedural unconscionability are required, the Court finds that the Arbitration Agreement is not unconscionable.  The Court therefore concludes that the Arbitration Agreement is enforceable, which means that defendant's motion should be granted.[4]

---

[4] Additionally, defendant requests attorney's fees pursuant to the Arbitration Agreement in the amount of $13,002.50.  See dkt #20, De Leon Decl., ¶ 5.  This figure reflects fourteen hours billed at a rate of $310/hour by Lara C. De. Leon, and thirty one and a half hours billed at a rate of $275/hour by Kelley Bolar.  Id. ¶¶ 3 – 4.  The time spent reflects legal research, drafting briefs, meeting and conferring with opposing counsel, and attending the hearing.  Id.  The hourly rate claimed is the hourly rate actually charged by De Leon and Bollar.  Id.  Claiming the hourly rate actually charged by an attorney without evidence that the rate corresponds to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation" is improper.  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 – 11 (9th Cir. 1986) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party.").  Moreover, the party petitioning the Court for fees bears the burden of proving a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."); American Civil Liberties Untion of Georgia v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) ("The fee applicant bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                                    JS-6

| Case No. | CV 12-10008-CAS (VBKx) | Date | April 22, 2013 |
|---|---|---|---|
| Title | DEBRA GOFF V. G2 SECURE STAFF LLC., ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's petition to compel arbitration, and orders the parties to resolve plaintiff's claims before a neutral arbitrator chosen in compliance with the Arbitration Agreement. Additionally, the Court hereby STAYS this action pending resolution of plaintiff's claims in arbitration.

IT IS SO ORDERED.

|  |  | 00 | : | 03 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |

---

establishing entitlement and documenting the appropriate hours and hourly rate.  That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.").  Consequently, since defendant has not submitted any evidence establishing a reasonable hourly rate for the work performed in this case, the Court concludes that it has not met its burden.  The Court reserves judgment on this issue until the conclusion of the case, at which time defendant may renew its request for attorney's fees and provide appropriate evidence in support of this request.